# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
LAUREN PLATT,

                            Plaintiff,

v.

RALPH BARTEL,

                            Defendant.
------------------------------------------------------------------X

Index No. 657475/2017

Plaintiff designates New York County as the place of trial pursuant to CPLR Sections 301 and 302

**VERIFIED COMPLAINT**

Plaintiff Lauren Platt (the "Plaintiff") by and through her attorneys, Morrison-Tenenbaum, PLLC, as and for her Verified Complaint (the "Complaint"), alleges as follows:

**Parties**

1.      Plaintiff is an individual with a residence and citizenship in the State of New Jersey who maintains an office in the State and City of New York.

2.      Upon information and belief, Defendant Ralph Bartel (the "Defendant", or "Bartel") is an individual with a residence in Switzerland, who maintains an office in the State and City of New York.

**FACTS**

3.      Plaintiff is the founder and CEO of Vênsette, an on-demand hair and makeup service established in 2011.

4.      In or about 2013, Defendant became an investor in Vênsette. Since then, Defendant has served on Vênsette's board as its sole chairman.

5.      At all relevant times, Defendant had complete control over, *inter alia*, Vênsette's hiring practices, executive compensation, and financial affairs.

6.      As CEO, Plaintiff was paid an annual salary of $110,000.

7. In or about 2015, Defendant, without justification, stopped paying Plaintiff her salary.

8. Upon information and belief, Defendant claimed that Vênsette did not have the financial ability to continue paying Plaintiff her salary. Plaintiff proposed winding-down the Company in light of its financial situation.

9. On multiple occasions, Defendant agreed to invest more capital in Vênsette, and that rather than winding down, Vênsette should continue to operate and incur additional liabilities.

10. Plaintiff, to her detriment, and to the detriment of Vênsette, trusted Defendant.

11. In the meantime, Defendant insisted that Plaintiff begin working for his other companies, Travelzoo, Inc. ("Travelzoo") and Devi Kroell, Inc. ("Devi Kroell").

12. Upon information and belief, Defendant, indirectly, is also the controlling stockholder of Travelzoo and Devi Kroell, Inc.

13. In or around February, 2017, at the insistence of Defendant, Plaintiff started working for Travelzoo as a marketing and branding manager.

14. Plaintiff responsibilities included coordinating events, managing public relations, and overseeing Travelzoo's rebranding and marketing efforts.

15. Plaintiff was promised compensation for her services for Defendant's company.

16. In or around May, 2017, at the insistence of Defendant, Plaintiff started working for Devi Kroell as a marketing and PR manager.

17. Plaintiff responsibilities included coordinating events, managing public relations, and overseeing Devi Kroell's marketing efforts.

18. Plaintiff was promised compensation for her services for Defendant's company.

19. Plaintiff devoted a considerable amount of time, energy and resources in Defendant's companies, and fully executed her responsibilities.

20. Defendant promised Plaintiff that Vênsette would re-pay Plaintiff her annual salary, but never did.

21. Defendant refused to pay Plaintiff her salary in Vênsette, and failed compensate her for the services she had performed for Travelzoo and Devi Kroell.

22. What little compensation Plaintiff received from performing services for Defendant's other companies, Defendant convinced Plaintiff to invest back into Vênsette.

23. To-date, Plaintiff has loaned approximately $104,303 to Vênsette, covered approximately $13,411.64 of Vênsette's payroll expenses, and covered approximately $15,000 of Vênsette's legal fees – all at Defendant's insistence.

24. Defendant never fulfilled his promises to invest in Vênsette, as he never intended to actually loan Vênsette any additional capital.

25. Defendant intentionally misled Plaintiff by, *inter alia*, failing to invest $400,000 of additional capital in Vênsette, a commitment he had memorialized in a signed agreement and promised Plaintiff he would fulfill– but never did; and compelling Plaintiff to perform services for companies that he had complete dominion and control over, then never paying Plaintiff.

26. As a result, Vênsette was forced to incur substantial liabilities, which Plaintiff was forced to personally finance.

27. In addition to misleading Plaintiff and failing to duly compensate her, Defendant subjected Plaintiff to a toxic and hostile work environment.

28. Throughout the course of their professional relationship, Defendant's course of conduct toward Plaintiff was insulting, demeaning, and vindictive.

29. Defendant routinely intimidated, belittled and ridiculed Plaintiff in private and in front of others.

30. On one occasion, Defendant pressured Plaintiff to travel to Europe under the auspices of discussing investment opportunities in Vênsette.

31. Upon Plaintiff's arrival, Defendant ignored Plaintiff's repeated attempts to contact him, leaving Plaintiff stranded in a foreign country.

32. Defendant's victimizing, tormenting and bullying continued, unabated for more than two (2) years.

33. As a result of Defendant's extreme, outrageous, reckless and intentional conduct, Plaintiff has suffered emotional distress, as well as financial loss.

## FIRST CAUSE OF ACTION

### Breach of Contract

34. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

35. Under the terms of Plaintiff's employment with Vênsette, Defendant owed to Plaintiff the unpaid salary in the total sum of $305,346.06, which remains due and owing to Plaintiff, despite due demand thereof.

36. Under the terms of Plaintiff's multiple loans to Vênsette, Defendant owed to Plaintiff the unpaid loans in the total sum of $132,714.64, which remains due and owing to Plaintiff, despite due demand thereof.

37. Under the terms of Plaintiff's employment with Travelzoo and Devi Kroell, Defendant owed to Plaintiff the unpaid loans in the total sum of $24,400.00, which remains due and owing to Plaintiff, despite due demand thereof.

38. As a result of Defendant's breach, Plaintiff has suffered actual and consequential damages totaling $462,460.70, plus statutory interest.

## SECOND CAUSE OF ACTION

### BCL § 720

39. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

40. Upon information and belief, all of the acts and omissions set forth above were caused by the Defendant in his capacity as the chairman, director, manager, president of Vênsette, Travelzoo and Devi Kroell.

41. Defendant's misconduct is of such a character as to come within the scope of BCL § 720, and to also provide Plaintiff a cause of action against Defendant thereunder.

42. Defendant is thus jointly and severally liable to Plaintiff, as and for Plaintiff's unpaid salary in the total sum of $305,346.06, repayment of Plaintiff's loans and legal fees in the total sum of $132,714.64, unpaid compensation for services performed by Plaintiff for Travelzoo in the total sum of $6,400, unpaid compensation for services performed by Plaintiff for Devi Kroell in the total sum of $18,000, for a grand total of $462,460.70, plus compensation for emotional damages more fully described herein.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

44. By reason of the foregoing, Defendant has committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

45. The intentional infliction of emotional distress by Defendant was unnecessary and unwarranted in the performance of his duties.

46. As a direct and proximate cause of the misconduct and abuse of authority detailed above, Plaintiff sustained emotional and financial damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests that this Court enter judgment:

(a) Awarding Plaintiff direct and consequential damages for Defendant's breach of contract;

(b) Awarding Plaintiff direct and consequential damages for Defendant's intentional infliction of emotional distress;

(c) Awarding Plaintiff costs and disbursements in this proceeding, and

(d) Granting Plaintiff such other, further or different relief as the court may deem to be just and proper.

Dated: New York, New York
　　　　February 8, 2018　　　　　　　　　　MORRISON TENENBAUM PLLC

　　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Lawrence Morrison
　　　　　　　　　　　　　　　　　　　　　　　　　Lawrence Morrison, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　87 Walker Street, Floor 2
　　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10013
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 620-0938
　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (646) 390-5095
　　　　　　　　　　　　　　　　　　　　　　　　　Counsel to *Plaintiff*

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

Lauren Platt, being duly sworn, deposes and says:

I am the Plaintiff in this matter. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

By: _____
Lauren Platt

Sworn to before me this
13th day of February, 2018.

_____
NOTARY PUBLIC

WENDY YUK WAH SYMON - NOTARY PUBLIC
My commission expires with life
9 Carlos Place London W1K 3AT
44 (0) 20 7499 2605
www.notarypublicinlondon.com
notary@notarypublicinlondon.com

STATE OF ENGLAND
COUNTY OF LONDON